229 So.2d 892 (1969)
Lawrence FRANKLIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-1028.
District Court of Appeal of Florida. Third District.
December 16, 1969.
Rehearing Denied January 20, 1970.
Philip Carlton, Jr., and George D. Gold, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
*893 PER CURIAM.
Appellant was convicted of first degree murder with a recommendation of mercy. The homicide in question occurred during an armed robbery of a liquor store, the actual perpetrator of the act being a co-defendant charged in the original indictment, and the appellant being responsible under the provisions of § 776.011, Fla. Stat., F.S.A.
The appellant has presented several points on appeal in which error is urged, among which are the following: That there was insufficient evidence to support the jury's verdict. An examination of the record and reasonable inferences therefrom reveal that the appellant, while in the company of two men, drove to the bar and package store. The premises had at least two outside doors and was divided inside between the package store and the bar. However, it was constructed in such fashion that one attendant could service both facilities and, to a degree, each facility was observable from the other. When the appellant and his two cohorts arrived at the scene, one entered the package store by its entrance; the appellant and another entered through the bar entrance. The latter two ordered two beers and, after consuming same, moved to the bar exit but remained in the doorway, surveying the patrons of the bar, with their hands under their shirts. At about this time, their companion pulled a gun on the attendant in the package store and ultimately killed him. Thereafter, all three departed the scene and journeyed to the house of a girlfriend of one of the culprits, wherein the appellant agreed to take the blame for the homicide.
The State presented sufficient evidence to establish beyond and to the exclusion of a reasonable doubt that the appellant was in the bar when the robbery and shooting were taking place. The only question of fact remaining for the jury to resolve was whether the appellant participated in the robbery.
None of the persons in the bar whom the State called as witnesses thought that the appellant was a participant at the time the robbery occurred. But they gave testimony from which it could be inferred that the appellant was a participant.
The girlfriend of the man who held the gun used in the robbery and who fired the shot which killed the attendant testified in substance that the appellant and the third man allegedly party to the robbery told her that both of them had taken part in the robbery.
If the case for the State had ended there and the jury had found the appellant guilty, we would affirm the judgment of guilt appealed, there being sufficient evidence and reasonable inferences therefrom to sustain the verdict. Sylvia v. State, Fla.App. 1968, 210 So.2d 286; Sellers v. State, Fla. App. 1968, 212 So.2d 659; Finney v. State, Fla.App. 1969, 220 So.2d 673. But the trial court, over the appellant's objection, admitted the testimony of two victims of robberies that the appellant had allegedly committed in Ft. Myers. That testimony presented the jury with no additional information relevant to the issue of the appellant's participation in the robbery in question, other than to show a propensity[1] on the part of the appellant to commit robbery.
The rule concerning the admissibility of evidence concerning criminal acts [apart from the act for which a defendant is being tried] is set forth in Williams v. State, Fla. 1959, 110 So.2d 654. All evidence, including evidence of other criminal acts, is admissible if it is relevant to a factual issue in the case unless its sole relevance is to prove propensity to commit a crime. We understand this to mean *894 that a court must admit evidence that a defendant has committed other criminal acts unless the defendant can show reason why it should not be admitted. The burden of showing the evidence ought to be excluded is on the defendant. He must raise the objection that the evidence is irrelevant and prejudicial, i.e., that it shows mere propensity to commit a crime. The burden then shifts to the State to show that the evidence is relevant to a factual issue and is not being introduced for the purpose of showing mere propensity. It is convenient for the State to meet this burden by showing that the criminal act falls into a familiar category, e.g., to prove identity, plan, common scheme or design. The foregoing categories we repeat are given by way of example and not by way of limitation. Evidence of another criminal act may not fall into one of the foregoing categories and yet still be relevant to a factual issue in a case.
In the present case, the defense met its burden by objecting to the proffered testimony concerning two robberies committed in Ft. Myers, and urge that the sole effect would be to prejudice the jury by showing that the appellant had propensity to commit a crime. In return, the State contended the evidence was admissible because its purpose was "to show the identity of the defendant's plan, scheme or design to appropriate the property of others", relying on Griffin v. State, Fla.App. 1960, 124 So.2d 38, and Coney v. State, Fla.App. 1966, 193 So.2d 57. The court admitted the testimony on the following basis: "I think the evidence would be admissible. I think that normally it has some tendency to show the propensities to take property from others."
It is elemental that a defendant cannot be convicted of having committed a particular robbery solely by showing that the defendant committed other robberies. But he could be convicted by a showing that there is some relationship, similarity, some common denominator between the robbery the defendant is being tried for and other robberies. Such a showing would not constitute inadmissible evidence because it would bear on something other than propensity. [We use the double negative to emphasize the fact the Supreme Court of Florida in the Williams case, supra, announced a broad rule of admissibility with specific areas of exclusion, and not a broad rule of inadmissibility with specific exceptions of admissibility.]
Careful reading of the cases cited by the prosecution as authority for their position that the testimony concerning the robberies in Ft. Myers was admissible, shows they are significantly different from the testimony in the present case. Those cases, therefore, do not support the prosecutor's position.
In Griffin v. State, supra, Griffin was convicted under the felony murder rule of murder committed during a robbery. The issue there too was whether Griffin [who was not present when the robbery was committed] participated in the robbery. Bryant and Tossetti testified that they and Griffin participated in the planning of the robbery, during which the murder was committed, and also that the three had participated in the commission of several crimes larcenous in nature prior to that robbery. The court held the testimony admissible, stating "the common denominator applicable to the alleged collateral crimes and to the crime charged is a pattern of action calculated to obtain by unlawful means the property of another". [page 40]. At first blush, this statement seems to support the trial court's ruling. But closer examination reveals that the common denominator in the Griffin case, between the prior crimes and the robbery which was part of the offense the appellant was charged with, is the same three men acting together several times to take the property of others.
The unstated implicative proposition put forward to the jury by the State in the Griffin case is this: If Griffin participated with Bryant and Tossetti in several crimes *895 larcenous in nature, then he participated with them in the robbery in question. The common denominator of the testimony was the same three men participating together in larcenous crimes. The testimony concerning other crimes did more than show Griffin's propensity to commit a crime; it was therefore not inadmissible under the rule in Williams v. State, supra.
In Coney v. State, supra, the question for the jury was whether the woman Coney was charged with having raped had been forcibly taken into Coney's automobile. She testified that Coney's automobile "`came in front of' hers so that she could not go forward". [page 58] Another woman testified that on the same highway Coney's automobile started following hers; that the automobile cut hers off and would not permit her to proceed, and that Coney then attempted to open the door of her automobile. The unstated implicative proposition put forward to the jury by the State in the Coney case is this: If Coney forced the second witness' automobile off the road and attempted to open the door of that automobile, then Coney forced the automobile of the prosecutrix off the road and forced her to get into his automobile. The common denominator of the testimony was the same individual forcing the automobiles of two women off the road on or near the same highway. The testimony of the second witness did more than show Coney's propensity to commit a crime; it was therefore not inadmissible under the rule in Williams v. State, supra.
The unstated implicative proposition put to the jury in the present case is: If Franklin with gun drawn acting alone committed two robberies in Ft. Myers, then Franklin with his hand under his shirt acted together with two other men to commit a robbery in Miami. The common denominator of the testimony here is solely robbery. We conclude the only relevance it had to the question the jury had to answer was propensity on the part of Franklin to commit robbery. When the trial court ruled that the testimony was admissible as tending to show Franklin's propensity to take property from others, the court permitted prejudicial matter to be brought before the jury.
The rule requiring the exclusion of evidence concerning other crimes, if its sole relevance to a fact in issue at trial is to show propensity on the part of the defendant to commit a crime, will become a nullity unless courts exercise the utmost caution in admitting evidence of other crimes a defendant is accused of having committed. If the defense objects to proffered evidence regarding other crimes as inadmissible because its sole relevance is to show propensity on the part of the accused to commit a crime, a trial court should then require the prosecution to show what relevance [other than propensity] the proffered evidence has to an issue of fact. The prosecution should be held to a strict standard of care, and if they do not meet that standard the proffered evidence should be excluded. Great diligence is required to save from extinction the rule regarding propensity.
We find error has been demonstrated in the admission of the evidence relating to other criminal activity on the part of the appellant. The other points raised on appeal have been examined and found to be without merit.
Therefore, the adverse jury verdict, judgment of conviction, and sentence be and the same is hereby reversed and the appellant remanded to the trial court for purposes of a new trial.
Reversed and remanded with directions.
NOTES
[1] "1. The quality or character of being `propense' or inclined to something; inclination, disposition, tendency, bent. * * * a. Disposition or inclination to some action, course of action, habit, etc.; bent of mind or nature. * * *" VIII Oxford English Dictionary 1469 (1933).