McNULTY, Judge.
The state brings this interlocutory appeal, pursuant to § 924.071(1), F.S.A., to review an order of the trial court suppressing certain evidence seized in a warrant-less search. We reverse.
Appellee is charged in four separate in-formations with unlawfully possessing marijuana and with unlawfully selling or delivering certain narcotic drugs to another. Most importantly, as we shall see, all the foregoing offenses were allegedly committed by appellee on October 7th, 1969; but the evidence suppressed, i. e., quantities of the aforementioned drugs, was found and seized on October 8th, 1969.
The search and seizure complained of came about under the following circumstances. On October 8, 1969, three police officers went to the apartment of one Michael to look for two runaway juvenile girls. Mr. Michael invited the officers to enter and “look around”, well knowing their purpose. In their random search of the apartment the officers found and seized the evidence suppressed. Appellee Dycus was not on the premises at the time of the search and, indeed, it is conceded that he did not live there, was never, as far as is known, on the premises, had no right, title or interest therein and, for aught that appears, had no right of entry or possession. Nevertheless, appellee was subsequently arrested and charged with the foregoing offenses in connection with transactions allegedly had on the day prior to the search and seizure with one of the aforementioned juvenile girls who in truth had been living in the apartment searched. On these facts the trial court held that appellee had “standing” to challenge the search herein, under the authority of Jones v. United States,[1] and thereupon subsequently found the search unreasonable. This appeal ensued.
We are firmly of the view that ap-pellee has no “standing” to complain of the search and/or seizure herein, and that the trial court’s reliance on Jones v. United States, supra, was misplaced. Initially, we observe that Jones recognizes the general rule, that: [2]
“Ordinarily, * * * it is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he allege, and if the allegation be disputed that he establish, that he himself was the victim of an invasion of privacy * * * To establish ‘standing’, * * * [it is] * * * generally required that the movant claim either to have owned or possessed the seized property or to have had a substantial possessory interest in the premises searched. * * *” [Italics supplied]
This, of course, is also the rule in Florida.[3]
Now, obviously, appellee does not claim his standing herein because of a pos-sessory or other interest in the premises searched. He contends, and the lower court apparently agreed, that his standing to complain herein arises through the prop-ety seized and is inherent in the charge of “possession”. As to this, the Jones court did find that an exception to the foregoing general rule exists when the accused is charged with “possession” of the property seized. But patently, this only relates to possession at the time of the seizure since it was held that possession, on the basis of which it is sought to convict, suffices to give the accused “standing” *495 to attack the seizure. The reasoning was stated as follows: [4]
“The same element * * * which has caused a dilemma, i. e., that possession both convicts and confers standing, eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged * * * [T]o hold to the contrary, that is, to hold that [the accused’s] failure to acknowledge interest in the narcotics or the premises prevented his attack upon the search, would be to permit the [prosecution] to have the advantage of contradictory positions as a basis for conviction. [A] conviction flows from * * * possession of the narcotics at the time of the search. Yet the fruits of that search upon which the conviction depends, were admitted into evidence on the ground that [the accused] did not have possession of the narcotics ■at that time * * * It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the [prosecution]. The possession on the basis of which [the accused] is to be convicted suffices to give him standing under any fair and rational conception * * * » [Emphasis supplied]
Clearly, the essence of this holding is that when the prosecution alleges “possession” as the gravamen of the offense charged it is estopped from denying “possession” as a predicate for “standing” to attack the seizure of the evidence allegedly possessed.
But the foregoing rationale of Jones is simply not applicable here. The state is not charging appellee with illegal possession of the evidence seized or with any other offense in perpetration at the time of the seizure; consequently, it is not taking inconsistent positions herein. To the contrary, inherent in the charged offenses of illegal “sale” and “delivery” of narcotics on the day prior to the seizure is the necessary contention that all possession, dominion and control of the contraband had in fact been relinquished by ap-pellee on such prior day. Accordingly, to establish standing appellee is not forced to allege facts the proof of which would tend to convict him of any of the offenses charged. He is not faced with the dilemma dealt with in Jones, and he can find no solace in that case for his position taken here.
We are not, of course, concerned with the admissibility at trial of the evidence seized, as regards its relevance or materiality. We merely hold that on the undisputed facts herein the appellee has no “standing” as one “aggrieved” to attack the search and seizure complained of.[5]
The order appealed from, therefore, should be, and it is, reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
HOBSON, C. J., and PIERCE, J., concur.

. (U.S.1960), 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

. (1960), 362 U.S. at 261, 80 S.Ct. at 731 and 4 L.Ed.2d at 702.

.See, e. g., 29 Fla.Jur., Searches and Seizures, § 13; and see, also, McCain v. State (Fla.App.2d 1963), 151 So.2d 841 and Alexander v. State (Fla.App.2d 1958), 107 So.2d 261.

. (U.S.1960), 362 U.S. at 263, 80 S.Ct. at 732 and 4 L.Ed.2d 703.

. See, also, Anno, in 4 L.Ed.2d 1999, 2006, re limitations on tlie application of the Jones rule on this point.