291 So.2d 241 (1974)
Ira G. DUNCAN, Appellant,
v.
STATE of Florida, Appellee.
No. 72-489.
District Court of Appeal of Florida, Second District.
March 1, 1974.
Rehearing Denied April 3, 1974.
*242 Jerry R. Hussey, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
Appellant, a 64 year old man, was tried and convicted of committing a sexual assault upon his 13 year old adopted daughter by fondling her in a certain lewd and lascivious manner as proscribed by § 800.04, F.S. 1971, F.S.A. We affirm.
*243 The only point meriting discussion is that relating to so-called "Williams Rule"[1] testimony, viz., evidence of other similar offenses committed by appellant. During the state's case in chief the prosecution presented over objection the testimony of two other minor girls under the age of fourteen who testified that appellant had committed similar acts of fondling upon them on occasions other than that contemplated in the charge herein. If this were all there was to the case we think there was a clear reversible violation of the Williams rule since the similar offenses showed nothing more than propensity. There's more, however, as will be seen.
First, on the point, we allude to the state's contention that such similar crime evidence was admissible in its case in chief to show a "continuing course of conduct," a "plan or scheme" or a "modus operandi." It's in error. This position demonstrates, we think, that which we perceive to be a prevalent misunderstanding on the part of some trial judges and prosecutors of the discipline of Williams, supra. It needs clarification.
To begin with, neither a "continuing course of conduct," a "plan or scheme" nor a "modus operandi" is an end in and of itself which may be proved in a criminal case. If they were, then by whatever reason therefor so would propensity be admissible. Evidence relating to similar offense is admissible only when they, or any of them, are relevant in a given case to one of the essential or material issues framed within the charge instantly being tried.[2] If, for example, an embezzler has devised a complicated scheme, plan, artifice or device ultimately to accomplish the conversion of entrusted funds, his scheme or plan, although it may consist of a series of independent party thefts, alteration of records, forgeries or other separate offenses, is nevertheless admissible to show intent or purpose to commit the grand offense charged.[3] Similarly, if the identity of the defendant in a given case is a material fact in issue, as it is in most cases, and the offense charged was committed in a particularly unusual or unique manner (modus operandi), evidence of another offense committed in the same unique or unusual manner, and to which the defendant can be positively connected, is admissible to establish or corroborate the identity of the defendant in the case being tried. Mere similarity of offenses, without regard to the singular manner of their perpetration, is not enough.
Additionally, it is important to emphasize that if the only logical effect of the evidence of other similar crimes committed by the defendant is essentially to show propensity or avocation toward the commission of such offenses, Williams, supra, condemns such evidence as being in reality an inappropriate attack on the character of the accused at a point in the proceeding when his character has not as yet been placed in issue.[4] Understandably, of course, the prosecution is always anxious to discover relevancy of such testimony, for indeed propensity is always shown thereby. But, again, if that is the only thing essentially shown it's anathema;[5] and so it was here.
Nevertheless, the sole underlying basis of appellant's plea of not guilty herein was that he was impotent and therefore most unlikely to commit such offense. He and his wife testified to such impotency and so did a physician to whom, incidentally, appellant had gone for a physical examination after the instant charges were impending. In rebuttal to such defense the *244 state, properly we think, thereafter brought in three other young girls, each under the age of fourteen, all of whom testified either to sexual advances or to propositions made to them by appellant for the commission of sexual intercourse and one of whom testified in explicit and lurid detail to no less than ten acts of sexual intercourse with appellant. In sum, all three testified to matters which tend directly to rebut the defense of impotency. Unquestionably, under these circumstances, evidence of similar related offenses is clearly admissible as pure rebuttal testimony; thus the Williams rule, as to such evidence, is inapplicable.
We hold too, moreover, that the afore-demonstrated error in presenting excludible "Williams Rule" testimony in the state's case in chief, though ordinarily reversible, is harmless under the circumstances of this case. Such testimony of which appellant complains would have been clearly admissible in rebuttal anyhow; and having framed the issue of impotency himself the appellant cannot now be heard to complain that evidence which therefore would have been admissible later was indeed admitted sooner.
Furthermore, on this aspect of the matter, we are not persuaded by the argument that but for such "Williams Rule" error appellant would not have been forced tactically to come forth with the defense of impotency. He had every opportunity to avail himself of discovery processes and, indeed, did to some extent. He could have determined who all the state's witnesses were and could have deposed them. He is chargeable, therefore, with awareness of the potentially devastating rebuttal evidence available to the prosecution should he urge impotency. Notwithstanding, he carefully prepared such a defense and forcefully presented it to the jury. By so doing he chose his strategy (certainly, though unsuccessful, not an ill-advised nor unreasonable one) and therefore has waived any infirmity in the state's case in chief of which he might otherwise have had a right to complain.
Accordingly, no reversible error having been made clearly to appear, the judgment and sentence appealed from should be, and they are hereby, affirmed.
HOBSON, Acting C.J., concurs in conclusion only.
BOARDMAN, J., concurs.
NOTES
[1] Williams v. State (Fla. 1959), 110 So.2d 654.
[2] Id.
[3] See, e.g., People v. Cox (1941), 286 N.Y. 137, 36 N.E.2d 84; also, cf. Williams, id.
[4] See, e.g., Mann v. State (1886), 22 Fla. 600.
[5] See, n. 1 supra.