326 So.2d 448 (1976)
Michael ROCHE, Appellant,
v.
STATE of Florida, Appellee.
No. 75-374.
District Court of Appeal of Florida, Second District.
February 13, 1976.
Jack O. Johnson, Public Defender, and Dennis P. Maloney, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was convicted of sale and possession of marijuana and timely appeals.
We are presented with two points on appeal, only one of which we deem necessary to discuss. It is appellant's contention that it was error for the trial court to allow into evidence, in the state's case in chief, testimony as to appellant's prior criminal conduct over defense counsel's timely objection. We agree with appellant's contention and reverse.
At trial a confidential informant testified that he had purchased marijuana from the appellant and that the transaction had been recorded by means of a microphone concealed on his person. During direct examination of the informant, the prosecutor asked the witness if he had ever purchased marijuana from appellant before, and the witness replied, "Yes, I have." Appellant's counsel objected on the ground that the state had not laid the proper predicate for this question. The objection was overruled. This testimony presented no information relevant to the issue of appellant's identity or commission of the offense charged and showed only his propensity to sell marijuana. In Duncan v. State, 291 So.2d 241, cert. den. Fla. 1974, 297 So.2d 833, this court, in ruling such evidence inadmissible, held:
... Mere similarity of offenses, without regard to the singular manner of their perpetration, is not enough.
The rule governing the admissibility of evidence of collateral crimes is set forth in Williams v. State, Fla. 1959, 110 So.2d 654; see, also Duncan v. State, supra. Such evidence is admissible if it is relevant to any factual issue, unless it tends solely to prove bad character or propensity to commit a crime. In Franklin v. State, Fla.App.3d, 1969, 229 So.2d 892, it was held that the burden of showing that *449 the evidence ought to be excluded rests on the defendant. However, once the defendant meets that burden by objection to the proffered evidence on the ground that its sole effect is to prove criminal propensity, the burden then shifts to the state to show that the evidence is relevant to a factual issue in the case. Failure of the prosecution to meet this burden in the Franklin case was ground for reversal. Our supreme court approved this refinement of the Williams rule in State v. Davis, Fla. 1974, 290 So.2d 30.
In the instant case, appellant, we submit, met his burden when he objected to the state's question relating to appellant's prior misconduct and urged that the state had not laid a predicate for this testimony. No showing was made by the state to indicate that the evidence was relevant to any factual issue in the case.
Accordingly, on the authority of Franklin v. State, supra, the judgment and sentence are hereby reversed and the cause is remanded to the trial court for a new trial.
HOBSON, A.C.J., and BOARDMAN and SCHEB, JJ., concur.