DOWNEY, Judge.
Appellant was convicted of possession of heroin. His sole point on appeal concerns the admission of certain testimony which could be categorized as “Williams Rule” evidence.
A police officer testified that he received information from a confidential informant that appellant was in a certain poolroom and that he had heroin in his possession. The officer went to the poolroom and placed appellant under arrest. He reached into appellant’s shirt pocket and found a cigarette package containing six packets of heroin.
On direct examination the prosecutor asked if the officer had had a conversation with appellant several days before, to which appellant objected. After a side bar conference the court overruled the objection and the officer testified he had talked to appellant several days before the arrest and he “advised [appellant] to quit selling dope.” By dope he said he meant heroin.
Our examination of the testimony persuades us that said testimony was relevant only to prove propensity. That being the case it was inadmissible. Roche v. State (Fla.App.2d 1976) 326 So.2d 448; Duncan v. State (Fla.App.2nd 1974) 291 So.2d 241.
The state contends that even if it was error to admit the officer’s offending testimony it was harmless error. Under the circumstances of this case that contention is unacceptable.
Accordingly, the judgment and sentence appealed from is reversed and this case is remanded for a new trial.
REVERSED.
MAGER and ALDERMAN, JJ., concur.