344 So.2d 598 (1977)
Artemio CRESPO, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-634.
District Court of Appeal of Florida, Third District.
April 5, 1977.
*599 Mark King Leban, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., BARKDULL, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant Artemio Crespo, herein referred to as the defendant, and one Manuel Ortega were informed against, charged with unlawful sale or delivery of a controlled substance (cocaine), and charged with conspiring to commit said offense. On trial by jury the appellant was found not guilty on the conspiracy charge. He was found guilty of the charge of sale or delivery of cocaine. His motion for new trial was denied. Judgment was entered on the verdict, and the appellant was sentenced to imprisonment for a term of ten years and a fine of $5000.00. The defendant Crespo has appealed, and contends a number of errors were committed.
The court did not commit error in admitting testimony of a prior crime of the defendant. The collateral criminal action revealed in evidence showed a modus operandi which was substantially and strikingly similar of that employed in the transaction constituting the criminal offense involved in the instant case. The evidence thereof was relevant to show a common scheme or plan. Williams v. State, 110 So.2d 654 (Fla. 1959); Baker v. State, 241 So.2d 683, 686 (Fla. 1970).
One of such claimed errors was the ruling of the trial court during cross-examination of a state witness, sustaining an objection by the State to a question to the witness to reveal his present address. In the circumstances, and for the reasons set out below, we hold that ruling was not error. Arthur Moore, a confidential informant, was a key witness for the prosecution. There was no concealment of his identity. The ruling related only to his present address. Here the withholding of the present address of the witness Moore was not without some basis therefor in the interest of the witness and the State. Those factors may not have been of the kind sufficient to have justified the ruling, if disclosure of Moore's address had been essential in order for him to be properly placed in his environment. However, in this instance revelation of the then present address of the witness was not needed for that purpose. The defendant Crespo had known the witness Moore in Key West for seven or eight years. Moore and the defendant Ortega had lived and grown up together in the community of Key West, in which the trial was held. Thus, without his present address disclosed, the witness was sufficiently placed in his environment for the purpose of cross-examination, and as his environment might avail the jury in weighing his general credibility. See Hassberger v. State, 321 So.2d 557 (Fla.4th DCA 1975); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). The non-disclosure of the present address of the witness Moore was of minimal effect in this case, and, in the circumstances presented, under the applicable authority in Hassberger and the decisions relating to the matter which are reviewed in that case, that challenged ruling of the trial court was not basis in law to require the granting of a new trial.
No error was committed by the trial court in sustaining objection of the State to questions on cross-examination of the witness Moore by which it was sought to reveal a prior proceeding by which Moore, while a juvenile, had been adjudged delinquent on a petition which alleged he had sworn falsely on some prior occasion. The court noted that the delinquency adjudication was not a conviction of a crime, and held the delinquency proceedings were not admissible by reason of Section 39.12(6) Florida Statutes 1975. The attempt to introduce that prior proceeding was not to show bias or prejudice of the witness, but to present such evidence for the purpose of impeaching the general credibility of the witness. That ruling of the trial court thereon was correct. See Kelly v. State, 311 So.2d 124 (Fla.3d DCA 1975). Davis v. Alaska, 415 U.S. 308, *600 321, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) shows that such a statute, interdicting introduction of such records, should yield to the right by cross-examination to show a delinquency proceeding of a witness in order to establish his bias or prejudice, but not for general credibility impeachment purposes.
Prior to the time that Moore was presented as a witness, the State produced officer Rogue. On cross-examination of that witness, after he had testified that he had not employed Moore, he was asked to state who had employed Moore. Objection by the State was sustained. Appellant argues that ruling was error. We cannot agree. The fact as to who had employed Moore would not be relevant unless it should become basis for impeachment of Moore, if and when Moore should later testify, and in event Moore should testify differently. The State argues, and we agree, that the ruling of the court precluding the effort to impeach a witness in advance of this testimony, was not error.
The appellant presents the further contention that the court committed reversible error by a ruling which precluded defendant from cross-examining the state's witness Moore with regard to a criminal charge or prosecution then pending against him. That contention of the appellant has merit, and we hold the challenged ruling was error for which the judgment must be reversed. In the course of cross-examining the witness Moore, defendant's attorney asked: "Do you have a charge presently against you now for carrying a concealed weapon?" After the court sustained an objection thereto by the state, defendant's attorney asked the court: "Can I proffer something to the court?" That request was denied. In the course of discussion thereof the court stated: "I'm not going to permit you to proffer anything along that line."
The right of the defendant to so cross-examine the prosecution witness, in order for the jury to have the benefit of such evidence as it might bear on bias or self-interest of the witness with relation to the testimony given by him, appears to be firmly established by the more recent decisions. Morrell v. State, 297 So.2d 579, 580 (Fla.1st DCA 1974); Lee v. State, 318 So.2d 431 (Fla.4th DCA 1975); Fulton v. State, 335 So.2d 280, 283-284 (Fla. 1976).
In Morrell the court said:
"However, it is clear that if a witness for the State were presently or recently under actual or threatened criminal charges or investigation leading to such criminal charges, a person against whom such witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination or otherwise so that the jury will be fully apprised as to the witness' possible motive of self-interest with respect to the testimony he gives. Testimony given in a criminal case by a witness who himself is under actual or threatened criminal investigation or charges may well be biased in favor of the State without the knowledge of such bias by the police or prosecutor because the witness may seek to curry their favor with respect to his own legal difficulties by furnishing biased testimony favorable to the State."
In Fulton, the Supreme Court said:
* * * * * *
"When a prosecution witness is under criminal charges at the time he testifies, the defense is entitled to bring this fact out.
`[I]t is clear that if a witness for the State were presently or recently under actual or threatened criminal charges or investigation leading to such criminal charges, a person against whom such witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination' ...

Morrell v. State, 297 So.2d 579, 580 (Fla.App.1st 1974).
"See also Lee v. State, 318 So.2d 431 (Fla.App.4th 1975). Similarly the Court in Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), stated:
`Even if the witness were charged with some other offense by the prosecuting *601 authorities, petitioner was entitled to show by cross examination that [the witness'] testimony was affected by fear or favor growing out of his detention. Id. at 693, 51 S.Ct. at 220.'"
For the reason stated the judgment is reversed, and the cause is remanded for new trial.