PER CURIAM.
This appeal is by a defendant below from his conviction on a charge of unlawful sale or delivery of a controlled substance (cocaine). The trial was before a jury.
Appellant presents a number of contentions of error. The appeal has merit, requiring reversal and remand for a new trial.
One Arthur Moore, a paid confidential informant, who was involved in the transaction, was a principal witness for the State. During the cross-examination of that witness, at a side-bar conference out of the hearing of the jury the attorney for the defendant announced intention to question the witness with reference to charges pending against him. To that, the court stated: “You cannot go into that. The question is have you been convicted of a crime”, and the court further stated: “I am not going to permit you to go into that. I ruled”. Thereupon, as authority for the cross-examination he proposed, the attorney for the defendant cited to the court 297 So.2d 579 [Morrell v. State (Fla. 1st DCA 1974)], following which the court stated: “I am not going to permit it”. With consent of the State, defendant’s attorney was allowed to ask the witness if the State Attorney’s office or any law officer had promised him help of any kind if he should cooperate in making cases and testifying thereon. The witness answered in the negative. How *602 ever, that question was not made with reference to any charge or prosecution pending against the witness, as inquiry relating to that subject had been precluded by the ruling of the court.
The State argues that the ruling above referred to should not be held to constitute error because the defendant made no proffer of proof with relation to the matter. We cannot agree. A proffer of evidence there was a criminal charge or prosecution pending against the witness was not essential here, where the discussion of the matter in the record indicates the attorneys and the court were proceeding on the basis of the existence of a pending charge or prosecution against the witness. The concern was with whether inquiry should be made with reference thereto. During the discussion the prosecutor stated the witness had not been promised anything. That circumstance would have no significance unless some charge was pending against the witness, since it had been brought out that he was a paid confidential informant.
Crespo v. State, 344 So.2d 598 (Fla. 3d DCA 1977), opinion filed on this date, was an appeal by this defendant from a separate conviction for a like offense, in which a similar ruling was made during the trial. In that case we reversed the judgment and remanded the cause for a new trial, holding such ruling constituted reversible error under the authority of Morrell v. State, 297 So.2d 579, 580 (Fla. 1st DCA 1974); Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975); and Fulton v. State, 335 So.2d 280, 283-284 (Fla.1976).
On the authority of those decisions, we hold it was error to rule in this case that the defendant could not cross-examine this key witness for the State with reference to the existence of a charge or prosecution pending against him. On thus disposing of this appeal, we omit discussion of other contentions presented by the appellant.
The judgment is reversed, and the cause is remanded for new trial.