346 So.2d 1066 (1977)
Abraham Thomas OLIVA, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1226.
District Court of Appeal of Florida, Third District.
June 7, 1977.
*1067 Alvin E. Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Abraham Thomas Oliva appeals his conviction pursuant to a jury verdict of one count of the sale of cocaine and one count of possession of cocaine. The transactions presented by the counts were separate. The proof of Oliva's guilt was overwhelming. The points presented on this appeal claim errors during the trial of the charges, which Oliva claims deprived him of a fair and impartial trial. They are: (1) the State was allowed, over objection, to present prejudicial evidence of a prior criminal transaction between the parties; (2) the court wrongfully restricted defendant's right to cross-examine a witness; and (3) the court erred in failing to grant defendant's motion for a mistrial because of an improper comment by the prosecutor during closing argument.
The circumstances out of which the first point is presented were that the defendant took the stand in his own behalf. On cross-examination, he testified that until the date of the alleged sale he had never seen Debbie Young, the State's witness who had testified that he sold her cocaine. In addition, he testified that he had never given her cocaine and that he had never bought anything of value from Arthur Moore, another State's witness. The trial judge was well within his discretion in allowing the State to show a prior meeting of the parties at which it was proved that the defendant negotiated with Young and Moore and furnished them with a sample of cocaine. It was further brought out on cross-examination and in the State's case on rebuttal that on the prior occasion the defendant had received cash from Young and Moore.
The cross-examination of the defendant and the subsequent rebuttal by the *1068 State was proper under the rule stated in Dabney v. State, 119 Fla. 341, 161 So. 380 (1935); and Fla.R.Crim.P. 3.250. See also the rule in Matera v. State, 218 So.2d 180 (Fla.3d DCA 1969). Even if the cross-examination of the defendant and subsequent rebuttal testimony should be held to be within the scope of the "other crimes" rule set forth in Williams v. State, 110 So.2d 654 (Fla. 1959), the evidence would meet the test of the Williams rule because the evidence showed a method of operation which was the same as that employed in the sale with which defendant was charged. Cf. Crespo v. State, 344 So.2d 598 (Fla.3d DCA 1977), case no. 76-634, released April 5, 1977.[1]
In the above-cited Crespo decision, we dealt with a point similar to defendant's claim on this appeal, i.e., that the court wrongfully restricted defendant's right to cross-examine the witness. In Crespo, we held that the right of the defendant to cross-examine the prosecution witness in order for the jury to have the benefit of such evidence as might bear on the witness's bias or self-interest through the testimony given by him was violated where the defendant was precluded from cross-examining the witness concerning a criminal charge or prosecution then pending against him. In Cresop, the court sustained an objection to the question: "Do you have a charge presently against you now for carrying a concealed weapon?" We reversed that holding based upon the fact that the testimony of a witness under an actual or threatened criminal investigation or charge may well be biased in favor of the State because the witness may seek to curry favor with respect to his own legal difficulties. See Morrell v. State, 297 So.2d 579 (Fla.1st DCA 1974).
In the present case, the court complied with the rule. Defendant was allowed to cross-examine the witness concerning his current employment, his lack of past employment, his previous convictions, prior addresses and the current charges pending against him. Defendant's point simply urges that he should have been allowed a more extensive cross-examination. We hold that the extent of the cross-examination was adequate to inform the jury fully of the history of the witness and the fact that he had a pending charge against him, the trial of which had been delayed possibly in order to secure his testimony for the State at defendant's trial. The refusal of the trial court, after the facts were revealed, to allow defendant's counsel to exhaust the subject to his own satisfaction did not deprive the defendant of a fair trial. Cf. Ray v. State, 262 So.2d 475 (Fla.3d DCA 1972).
Defendant's claim that he was prejudiced by the non-disclosure of the present address of the paid informer witness has been disposed of adversely to the defendant in Crespo v. State, 344 So.2d 598 (Fla.3d DCA 1977), case no. 76-634, released April 5, 1977.
Defendant's point claiming error upon the court's failure to grant a mistrial because of a claimed improper comment by the prosecuting attorney during closing argument does not present reversible error. During closing argument, the prosecutor stated:
* * * * * *
"I urge you to send him a message, to let him know you just can't go around the City of Key West, and County of Monroe, and peddle cocaine, or that if you do, you have to be prepared to face the consequences."
The remark was improper because it was not a comment upon the evidence before the jury. See Frenette v. State, 158 Fla. 675, 29 So.2d 869 (1947). Defendant immediately moved for a mistrial. No curative instruction was sought. The question remains: Was the remark so prejudicial as to constitute the denial of the motion for mistrial reversible error? We hold that it was not of such a nature so as to poison the *1069 minds of the jurors or to prejudice them so that a fair and impartial verdict could not be rendered. See Johnsen v. State, 332 So.2d 69 (Fla. 1976). Cf. Wingate v. State, 232 So.2d 44 (Fla.3d DCA 1970).
Accordingly, the judgment and sentence are affirmed.
NOTES
[1] See also the companion case, Crespo v. State, 344 So.2d 601 (Fla.3d DCA 1977), released April 5, 1977.