355 So.2d 462 (1978)
Roy Francis CURRY, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 77-1100.
District Court of Appeal of Florida, Second District.
February 15, 1978.
Rehearing Denied March 20, 1978.
*463 Lawrence D. Martin of Vega, Brown & Nichols, P.A., Naples, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
The appellant attacks his conviction of possession of heroin and conspiracy to possess heroin on two grounds. We find that both points are well taken.
First, the appellant contends that the court erroneously denied his motion to suppress evidence seized in a warrantless search for lack of standing without giving him the opportunity to testify concerning his right to contest the search. A statement of particulars alleged that both offenses were committed during the period of July 20 to July 23, 1976. The search of a motel room in which the appellant was not present and which resulted in the seizure of heroin took place on July 24, 1976. The court concluded that appellant had no standing to complain because the appellant was not charged with having committed a crime on the date of the search. Relying upon State v. Dycus, 238 So.2d 493 (Fla. App. 2d DCA 1970), the court reasoned that the appellant's testimony would be irrelevant. When the court refused to permit appellant to testify, his counsel proffered that he would testify that he had paid for the motel room and had free access to and from the room. Counsel concluded the proffer by stating that the appellant would testify consistent with the facts of State v. Leveson, 151 So.2d 283 (Fla. 1963).
To understand Dycus, it is necessary to consider the earlier case of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In Jones, the U.S. Supreme Court held that when the prosecution alleges possession as the gravamen of the offense charged, it is estopped from denying possession as a predicate for standing to attack the seizure of the evidence allegedly possessed. To put it another way, if the prosecution is relying upon the seizure to prove a charge of possession, the person charged automatically has standing to contest the legality of the search regardless of whether he had a possessory interest in the premises searched. Thus, Jones was a departure from earlier cases which had held that one must have a possessory interest in the premises being searched in order to have standing to attack the search.
In Dycus, our court distinguished Jones on the basis that the defendant was charged with sale and possession of narcotic drugs on the day before the search took place. Because the state was not charging the defendant with the illegal possession of the evidence seized or with the perpetration of another offense at the time of the seizure, the court held that he lacked standing to complain. Significantly, however, we pointed out in Dycus that the defendant had never been on the premises, that he had no right, title or interest therein, and that he had no right of entry into or of possession of the premises. This distinguishes Dycus from the instant case. The rationale of Dycus precludes the appellant from asserting standing on the principle of Jones because he was charged for crimes which occurred prior to the date of the search and seizure. Yet, he still has the right to contest the search under traditional rules of standing if he can demonstrate that he had a possessory interest in the premises searched. This is what the appellant was precluded from trying to do.
*464 In the case of State v. Leveson, supra, referred to by appellant's counsel, our supreme court held that a married man who had negotiated a lease of an apartment in the name of his girlfriend, had paid the rent, had enjoyed a complete and unrestricted access to the apartment, and had occupied it from time to time had a possessory interest sufficient to confer standing to contest the search of the apartment. If the appellant can prove facts of this nature, he would have standing to contest the search, and the state would be required to carry its burden of proving entitlement to conduct a warrantless search. Mann v. State, 292 So.2d 432 (Fla.App. 2d DCA 1974). In the proceedings below, the state never presented any testimony because the court considered such testimony unnecessary in view of its erroneous position on standing.
The second point relates to the introduction of certain testimony purporting to fall within the rationale of the "Williams rule." The state called Susan Maria Ryan to testify that on July 9, 1976, she had talked with appellant at a restaurant, and he had told her that he could get her drugs because he was behind most of the dope deals that occur in Naples. On cross-examination the witness conceded that the appellant might just have been "pulling her leg." In response to redirect examination she testified that the appellant said that he was "fixing to do a THC deal in Fort Myers."
We are unable to see how this evidence was relevant to any of the essential or material issues framed within the charges being tried. Duncan v. State, 291 So.2d 241 (Fla.App. 2d DCA 1974). The testimony did nothing more than tend to prove criminal propensity, which cannot be a basis for its admission. Roche v. State, 326 So.2d 448 (Fla.App. 2d DCA 1976). The prejudicial effect of the evidence is obvious.
The judgment is reversed, and the case is remanded for further proceedings below at which a new hearing on the motion to suppress may be held according to the principles set forth in this opinion.
OTT and DANAHY, JJ., concur.