PER CURIAM.
Appellant Casimiro Garcia was found guilty of possessing on March 14,1977 more than five grams of marijuana. On appeal he contends that the court erred in admitting, over timely objection, the testimony of *18 one of the state s witnesses. We agree and, therefore, reverse his conviction.
Appellant took the witness stand in his own behalf. He testified that several days prior to the date on which the contraband was discovered in his automobile he had loaned the vehicle to a friend, that the man he had loaned the automobile to did not return it, that after a few days appellant found it abandoned between Naples and Immoklee, and that he hot wired it and drove it to Naples where his brother had an ignition key made. After the attorney for appellant announced that the defense rested, the state indicated that it would like to call as a rebuttal witness Officer Raymond Bass of the Collier County Sheriff’s Department who had testified in the state’s case in chief. Appellant’s counsel objected to the introduction of testimony proffered by the state pertaining to sale of marijuana in March 1976 by appellant which was wholly independent of and unrelated to the offense at issue. The trial court overruled the objection.
Such testimony cannot be said to be rebuttal testimony and did not rebut appellant’s testimony concerning the custody and control of the automobile in this case. The objectionable testimony showed only his propensity to sell marijuana and, therefore, it was inadmissible under the holding of Williams v. State, 110 So.2d 654 (Fla.1959). Furthermore, the state failed to demonstrate .that the evidence was relevant to any factual issue in the case. State v. Davis, 290 So.2d 30 (Fla.1974); Roche v. State, 326 So.2d 448 (Fla. 2d DCA 1976); Franklin v. State, 229 So.2d 892 (Fla. 3d DCA 1969); see Duncan v. State, 291 So.2d 241 (Fla. 2d DCA 1974).
Accordingly, the judgment and sentence are reversed and the cause remanded to the trial court for a new trial.
BOARDMAN, C. J., and RYDER and DANAHY, JJ., concur.