375 So.2d 1133 (1979)
Paul JACOBSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-312.
District Court of Appeal of Florida, Third District.
October 9, 1979.
Rehearing Denied November 6, 1979.
*1134 Moran & Gold and George D. Gold, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Paul Jacobson appeals his conviction (entered after an adverse jury verdict) on the charge of placing an explosive device in an automobile belonging to Stuart Goldman and causing severe injuries to Goldman when the device exploded. Jacobson was sentenced to a 99 year term of imprisonment.
After carefully considering the lengthy record of the proceedings below, we affirm the judgment of conviction. We base our conclusion to affirm upon a determination that the errors alleged by the defendant did not rise to the level of reversible error requiring a new trial. We explain.
Jacobson raises nine issues for our consideration. His initial point on appeal causes us some concern and warrants discussion. He contends that he was irremediably prejudiced when the prosecutor was permitted to introduce into evidence certain testimony concerning other offenses he may have committed. We are told that allowing the jury to consider this evidence violated the well known Williams rule.[1] This rule operates to forbid the admission into evidence of other separate offenses or collateral crimes if the logical effect of such evidence is solely to prove the bad character of the defendant or to show his propensity to commit the crime charged. It is well established that the burden of showing that the evidence must be excluded is initially upon the defendant. Only after the defendant establishes that the evidence is irrelevant or prejudicial, does the burden of proving admissibility shift to the prosecution. Franklin v. State, 229 So.2d 892 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 754 (Fla. 1970). The Williams test is then one of admissibility, not exclusion. Williams v. State, supra note 1; Green v. State, 190 So.2d 42 (Fla. 2d DCA 1966).
Jacobson was tried on the single count of throwing, placing or discharging a destructive device in violation of Section 790.161, Florida Statutes (1975). The testimony which most concerns us was introduced into evidence over the defendant's objection (as well as several motions for mistrial) and may be characterized as (a) testimony by former associates of the defendant implicating him in prior acts of drug smuggling and distribution, (b) testimony indicating that the defendant was a central figure in a major criminal organization and that he associated with other persons in this organization who admitted engaging in extensive criminal activity, and (c) testimony arguably linking the defendant to the act of exploding a dead body to prevent its discovery by the authorities. Jacobson strongly urges that the cumulative effect of this evidence was to prejudice him with the jury and to establish an atmosphere of pervasive criminality sufficient to persuade the jury that he was a man of evil character involved in drug smuggling and murder.
Our examination of the offending testimony convinces us that no reversible error occurred since the testimony was relevant and properly admitted in accordance with the Williams rule. The prosecution's case was largely made up of testimony given by former associates and members of the *1135 defendant's criminal organization. These witnesses, most of whom were in Federal custody at the time of trial, were granted immunity for their cooperation with the authorities. In order to properly evaluate this testimony, the jury had to be apprised of pertinent information relating to the background of each witness and that witness' possible bias or self-interest. Crespo v. State, 344 So.2d 598 (Fla. 3d DCA 1977).[2] The prosecutor was fully justified in anticipating an attack upon the credibility of his witnesses by eliciting the details of their criminal past and their motives for cooperating with the State and Federal authorities. The defense in turn sought to destroy the credibility of these witnesses by focusing the jury's attention on their criminal background.
After carefully scrutinizing the transcript of the trial, we find that the testimony purporting to link the defendant to the act of exploding a dead body was not prejudicial. This testimony did not implicate the defendant in that bombing but was introduced to establish the motivation of the witness in cooperating with the State. The witness simply testified that he did not plan the crime but carried it out at the direction of another person. That person was not identified.[3] Under these circumstances, we cannot know what weight the jury accorded this testimony and decline to speculate upon its effect. Reversible error cannot be predicated on the mere conjecture that the defendant may have directed the commission of a crime. Sullivan v. State, 303 So.2d 632 (Fla. 1974), cert. denied 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); Crews v. State, 353 So.2d 210 (Fla. 3d DCA 1977), cert. denied 359 So.2d 1212 (Fla. 1978); Phelps v. State, 353 So.2d 1221 (Fla. 3d DCA 1977), cert. denied 362 So.2d 1055 (Fla. 1978).
In a case of this kind, it was probably inevitable that certain facts tending to show the defendant's overall involvement in criminal activity would, to a limited extent, come before the jury. Such evidence is sometimes admissible to illuminate the entire context out of which the defendant's criminal conduct arose. Smith v. State, 365 So.2d 704 (Fla. 1978); Ashley v. State, 265 So.2d 685 (Fla. 1972). In this case, the defendant's criminal lifestyle was so pervasive and so integral to the commission of the crime charged that it could not be completely kept from the jury. We therefore conclude that the testimony objected to by the defendant was relevant and admissible.
We have examined Jacobson's other points on appeal and find them to be without merit.
Affirmed.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). This rule has now been codified in the Florida Evidence Code § 90.404(2), Fla. Stat., effective July 1, 1979.
[2] Crespo and the cases cited therein stand for the proposition that a defendant has the right to cross-examine the prosecution witness in order for the jury to have the benefit of such evidence as it might bear on the bias or self-interest of the witness with relation to the testimony given by him. Id. at 600. See also Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1978); and Blanco v. State, 353 So.2d 602 (Fla. 3d DCA 1977). We believe that the principle that the jury is entitled to information regarding bias or self-interest is equally valid whether such information is brought out on direct or cross-examination.
[3] The defendant moved for but was denied a mistrial based upon this testimony:

* * * * * *
[Prosecutor] Q. What exactly did you do to violate the law in Monroe County? What was the basis of the charges against you?
[Witness] A. I constructed an explosive device, a timing device this time.
Q. What for?
A. That was to be placed on the body of Randy Bethel to get rid of the remains.
Q. He already had been killed?
A. Yes, sir.
Q. You had nothing to do with his murder?
A. No, sir.
[Prosecutor] Q. May I ask the witness ahead of time to just answer the question yes or no?
THE COURT: Yes, sir.
Q. [By Prosecutor] Did you devise the plan to blow up Randy Bethel's body, yourself?
A. No, sir.
[Prosecutor] Q. May I ask him to answer this question yes or no, Your Honor?
THE COURT: I do not know what the question is, but that is a good start. Go ahead.
Q. Did you do this at the direction of another person?
A. Yes, sir.
[Prosecutor] I have no further questions.