PER CURIAM.
Flowers’s appeal from his convictions of sexual battery and burglary attacks the lower court’s denial of his motion in limine seeking to prohibit the state from introducing certain collateral evidence for the purpose of establishing identity. We agree that such evidence should not have been admitted and reverse.
Here, as in Davis v. State, 376 So.2d 1198 (Fla. 2d DCA 1979) there are not enough similarities between the two crimes to justify admission of the collateral evidence even though both crimes involve burglary and sexual battery. The only similarity between the two cases is that the apartments which were entered were located on the second floor of the apartment building, both had balconies next to the livingrooms into which entry could be accomplished through a sliding glass door. There the similarities end. In one case the victim was sexually assaulted, in the other she was not. Moreover, the incidents occurred approximately six weeks apart, in locations four-five miles apart. During one assault the attacker used profanity, but not during the other. One assailant took money from the victim, the other did not. In order for evidence of one offense to be admissible on the issue of identity in a prosecution for another offense, the circumstances surrounding the commission of the two offenses must be more than just similar. Duncan v. State, 291 So.2d 241 (Fla. 2d DCA 1974).
Reversed and remanded for new trial.
ERVIN, LARRY G. SMITH and SHAW, JJ., concur.