LARRY G. SMITH, Judge.
McCullough was tried for robbery and trafficking in stolen property, both offenses growing out of a “purse snatching” incident in which appellant was charged with being both the perpetrator of the offense itself, and with presenting to a bank and cashing a bank money order taken from the purse. He was convicted of trafficking in stolen property under Section 812.019, Florida Statutes (1979), and acquitted on the robbery charge. In this appeal by McCullough several points are urged, one of which-error in admission of Williams Rule evidence-we find sufficient for reversal.
Williams v. State, 110 So.2d 654 (Fla.1959), cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86, states, at page 663:
[EJvidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion. This rule we hold applies to relevant similar fact evidence ... even though it points to the commission of another crime.
This rule has been codified in the Florida Evidence Code, Section 90.404(2) as follows:
(2) OTHER CRIMES, WRONGS, OR ACTS.-
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
The rule requires, in this case, consideration of whether evidence of appellant’s commission of an earlier purse snatching offense was properly admissible as “relevant similar fact evidence” to prove that appellant was the same person who committed the instant offense.
Upon examination of the facts of both offenses, we find insufficient similarity between the earlier crime and the present one to warrant admissibility under the quoted rule. The victim here, Ms. Martin, an elderly white female, was looking for an apartment near the campus of Florida State University, at mid-day. She asked a black male for directions to an apartment manager’s office, and he responded that it was downstairs. Ms. Martin was uncertain concerning the directions given and began looking at names on the mailboxes. The black male then grabbed her purse and ran.
The “similar offense” evidence presented by the state related to a crime committed during the evening hours about a year and a half earlier, at a McDonald’s Restaurant, located approximately two blocks east of the Florida State University campus, and on the opposite side of the campus from the place where Ms. Martin’s purse was taken. The victim of the offense at McDonald’s was a young, white female who had gone there with a girlfriend. As the two were walking from the car to the restaurant their attention was directed to the robber, standing in the parking lot, who said something both women heard. When the victim’s companion went inside the restaurant, the robber approached the victim and asked her what time it was. As she reached for her watch, he asked for her purse, then pulled it away from her and ran.
*1227 We find no similarities in the time, place, circumstances or manner in which the two offenses were committed as would tend, in reason, to establish that if appellant committed the first offense at McDonald’s he probably or most likely committed the second at the apartment building. While it is true-that both victims were white, female, and both perpetrators were black, male, these similarities are of virtually no probative value in identifying appellant, who could not be recognized by Ms. Martin at the trial as the person who snatched her purse. That both victims selected by the perpetrators were female is no more indicative of a pattern or scheme than it is of the fact that in the locality where the offenses occurred, only females customarily carry their purses outside their clothing, usually by means of hand or shoulder straps. There is no suggestion that only white females are victims of purse grabbing by black offenders, so that we must discount any probable connection of the two offenses based upon this factor. We are likewise not persuaded by the state’s argument that nonuse of a weapon of any kind would be a significant identifying feature, without other similar facts establishing some special plan or modus operandi. Finally, the fact that a black male committed both offenses does not tend, in our opinion, to prove that the perpetrators were one and the same, since we judicially know that color of the perpetrator alone bears no relationship to the incidence of this or any other crime.
In finding reversible error in the admission of the other crime evidence we are guided by the principles stated in Flowers v. State, 386 So.2d 854 (Fla. 1st DCA 1980), at page 855:
In order for evidence of one offense to be admissible on the issue of identity in a prosecution for another offense, the circumstances surrounding the commission of the two offenses must be more than just similar. Duncan v. State, 291 So.2d 241 (Fla. 2nd DCA 1974).
Upon our examination of other points presented, we have concluded that no error was committed by the trial judge in giving the instruction on the inference of guilt arising from the unexplained possession of recently stolen goods, Section 812.-022(2), Florida Statutes (1979). State v. Young, 217 So.2d 567 (Fla.1968), cert. den. 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101; Edwards v. State, 381 So.2d 696 (Fla.1980). There was no error in the trial judge’s denial of appellant’s motion for judgment of acquittal based upon insufficiency of the evidence, and we find no merit in the remaining points presented.
REVERSED and REMANDED for new trial.
ERVIN and SHIVERS, JJ., concur.