PER CURIAM.
Appellant in this case was charged with aggravated battery and convicted of battery, based upon a guilty verdict on the lesser included offense against his wife. He received a one-year sentence and this appeal followed, urging errors (1) in denial of a motion in limine to suppress similar fact evidence; (2) in admitting photographs of the comatose victim taken three days after hospitalization; and (3) in denying motion for judgment of acquittal for insufficiency of proof, under standards applicable to circumstantial evidence. We affirm.
In response to a telephone request by appellant for emergency medical help for his wife, an ambulance was sent to his residence shortly after 10 p.m. on January 21, 1983. Appellant said his wife had fallen and she was found on the bedroom floor, severely injured and unconscious. She was immediately hospitalized for surgery but remained continuously comatose through the date of trial some months later. In a statement the day following this event appellant said he and his wife had been drinking, he went to sleep on the couch, heard the phone ring, found his wife on the floor and put her on the bed, was unable to stop her bleeding with ice, and called for help. He said that there had been no physical dispute, noted the lack of any disorder in the home, and said that his wife had apparently consumed a large amount of alcohol. Upon inquiry as to whether he knew how she got her bruises he said, “Yes, sir, I sure do. She’ll stumble over a table. Or like the black eye I gave to her, which I indicated that happened last Monday or Tuesday, family dispute, but the other bruises, she’ll hit the wall, she’ll bounce off, ricochet it, you look on her legs, hips.”
The record contains voluminous medical and scientific evidence, much of which is consistent only with a conclusion that many of the victim’s numerous injuries, new and old, were not incurred in an accidental fall. It is uncontroverted that she had a negative blood alcohol level upon hospital admission (.004 per deciliter).
Appellant contends that the trial court should have excluded certain testimony, comprising some 35 of the 500 pages of the record, from five witnesses who testified in part to (1) observation of appellant, a month previous to the date here in question, striking his wife on her head with his fist; (2) observation of appellant’s threatening gestures toward her, and report of his later statement, “I have got to quit beating her”; (3) a downstairs neighbor’s observation of the wife’s black eyes and bruises several months earlier, on the morning after a night of hearing fighting from above “like one was being thrown against the floor”; (4) observation of appellant following his wife during an argument when “there was a motion behind her ... a grab, push, and she fell,” resulting in laceration and stitches.
Argument by appellant on this point is primarily that “the circumstances of the collateral acts were not sufficiently similar to the crime charged so as to be relevant.” Citations are confined to numerous decisions holding that certain similar crime testimony did not establish “uniqueness or particularity about the perpetrator” so as to point unmistakably to his identity in a later charge. E.g., Flowers v. State, 386 So.2d 854 (Fla. 1st DCA 1980); Banks v. State, 298 So.2d 543 (Fla. 1st DCA 1974).
Such argument entirely omits consideration of the relevance of the questioned testimony on the central point in issue: the reasonability of any hypothesis that the victim’s injuries were accidentally self-inflicted in a drunken state. Appellant’s contention on this point is similar to that asserted in King v. State, 436 So.2d 50 (Fla.1983):
*894 Appellant contends the trial court improperly allowed testimony that he had severely beaten the victim twenty-three days prior to the killing. Appellant asserts that the circumstances of this beating were not similar to those of the killing and that the beating was too remote in time to be relevant to the case. Consequently, he argues, this evidence was admitted in violation of Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), because it was utilized only to show propensity and not to prove an element essential to this offense. We disagree. We believe that the testimony was not remote in time, ... and was proper for identification since one of the theories of appellant’s defense was to imply that the victim’s present husband could have been the killer. Under these circumstances, we find the testimony admissible.
The remaining contentions are similarly lacking in substance.
The judgment should be and is affirmed.
SMITH, L., WENTWORTH and WIG-GINTON, JJ., concur.