PATTERSON, Judge.
Freddy Carl Flint appeals from his conviction of conspiracy to traffic in cannabis. He contends that the trial court erred in denying his motion for judgment of acquittal and in permitting the testimony of James Decker, an investigator with the state attorney’s office. We hold that the evidence is sufficient to submit the case to the jury for determination, but that the admission of Decker’s testimony into evidence constitutes harmful error and, thus, requires a new trial.
Taking the evidence in the light most favorable to the state, Flint was a peripheral small part player in an aborted attempt to smuggle eight hundred pounds of cannabis into Collier County. The state’s key witness, Kenneth Patterson, an admitted drug smuggler, testified that he arranged the deal with Flint’s codefendants and sought Flint’s assistance in off-loading the contraband. Prior to the day the plane was to land, Patterson asked Flint if he wanted to provide a pickup truck and assist in the off-loading. He recalled Flint being present at the proposed landing site of the aircraft and talking to him, but could not remember the conversation. He further could not remember Flint expressing his agreement, at any time, to participate in the operation. Another witness for the state, Cary Collins, testified that Flint was present at the proposed site in a pickup truck. The aircraft purportedly crashed in the Gulf of Mexico, and the cannabis never arrived in Collier County.
Decker testified that he had met with Flint and discussed drug smuggling with him in general terms, that Flint’s name had come up in a narcotics investigation and that he suggested that Flint might want to cooperate with the state attorney's office. Flint said that he would have difficulty doing so because he felt he could not turn against some family members and that he would have to think about it. No part of the conversation pertained to any particular smuggling operation. On cross examination, Decker volunteered that Flint requested that if he was to be arrested that it not occur in the presence of his children.
Decker’s testimony does not tend to prove any material fact at issue in Flint's conspiracy prosecution. We must conclude that it was offered to show Flint’s propensity for involvement in the illicit drug trade, thereby providing a criminal motive for his presence at the proposed landing site. Such evidence is both inadmissible and prejudicial. See Curry v. State, 355 So.2d 462 (Fla. 2d DCA 1978).
We, therefore, reverse and remand for a new trial.
FRANK, A.C.J., and THREADGILL, J., concur.