185 So.2d 5 (1966)
John W. KIRKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 6057.
District Court of Appeal of Florida. Second District.
April 6, 1966.
Robert E. Jagger, Public Defender, and Joseph F. McDermott, Asst. Public Defender, Clearwater, for appellant.
*6 Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
HOBSON, Judge.
Appellant, defendant below, was charged with first degree murder of one Solomon Pace in an indictment returned by the Grand Jury of Pinellas County, Florida, on 7 October 1964. He entered a plea of not guilty and trial by jury began on 22 October 1964. At the conclusion of the trial the jury rendered a verdict of guilty of murder in the second degree. Counsel in due course filed a motion for a new trial, which was denied. On 21 January 1965, the trial judge entered an order adjudging the appellant guilty of the offense of murder in the second degree and sentenced him for a period of six months to twenty years in the state penitentiary, less time spent in the county jail. Notice of appeal was filed 22 February 1965. Appellant filed some 58 assignments of error and has raised 9 points for consideration on appeal.
Allegedly, the appellant stabbed the deceased, Solomon Pace, with a fruit knife during a street fight in front of a bar. The state presented evidence to show that a short time before the incident in question occurred the appellant and the decedent's brother had an argument which resulted in the appellant pulling a knife on the decedent's brother, J.C. Pace. At this time the deceased came over to where his brother, the appellant and his wife were standing and told his brother, "You shouldn't talk about people's wives," and "that is that boy's wife, and he is my friend." Whereupon the appellant testified that he "closed my knife and put it in my pocket, and started out the door." The record further reveals that at this point the bar manager began closing for the evening and the remaining patrons, including the deceased, his brother, and the appellant's wife, left behind the appellant. Thereafter the appellant walked across the street to another bar but returned within a short time to where the decedent was standing on the porch of the bar which he had just left. As the appellant approached, the deceased was knocked onto the ground. The state presented three witnesses who testified that the appellant thereafter "stuck" the deceased with a fruit knife. The record reveals inconsistency not only in the statements given by the state's witnesses as to how and who knocked the deceased onto the ground but the appellant, testifying in his own behalf, also presented a fact picture inconsistent and contrary to that presented by the state.
The appellant testified that after he had walked back across the street and had asked the deceased if he was ready to go home the following occurred:
"About this time  that time, one of the boys hit him down here and hit him down here. Samuel Miller, he hit him on the leg and jacked him up like that, and Jerry Haynes, Jerry Haynes, he run into him, and they fell out in the middle of the street.
"Jerry Haynes was the same boy that testified in here, and so when they fell out in the middle of the street, Jerry started hitting him and all in the face and everything, hitting him. He was on the ground, and so I come up to them and pulled him up like that, went to pull him up by his shoulders, and he flung me back and he said, `a cop' and I run."
During the course of the trial the state's case rested primarily upon the testimony of the three alleged eye witnesses to the crime: Jerry Carl Haynes, David Sims and Amos McCoy. The court's refusal to let appellant's attorney during cross examination pose questions going to the animus, impeachment and credibility of these three witnesses is primarily relied on by appellant for reversal.
After direct examination of each of the three eye witnesses by the state, either in its case in chief or in rebuttal, the appellant on cross examination attempted to show the animus of these three witnesses as well as to impeach and attack their credibility.
*7 We are of the opinion that the trial court unduly limited the appellant on cross examination as to these points.
It was held in Wallace v. State, 1899, 41 Fla. 547, 26 So. 713, as follows:
"For the purpose of discrediting a witness, a wide range of cross-examination is permitted, as a matter of right, in regard to his motives, interest, or animus, as connected with the cause or with the parties thereto, upon which matters he may be contradicted by other evidence, * * *."
See also Nelson v. State, 1930, 99 Fla. 1032, 128 So. 1.
On oral argument the state admitted that the court erred in limiting the cross examination of these three eye witnesses by the appellant but took the position that such error was harmless and under Florida Statute § 924.33, F.S.A., did not require a reversal.
We do not agree. The testimony of these witnesses was crucial to the state's case. They were the only eye witnesses presented by the state. Therefore, the appellant's right to impeach, attack the credibility and to show any animus of these witnesses toward the appellant was of utmost importance.
The limitations imposed on cross examination, when viewed individually, may not have constituted reversible error; however, we are compelled to conclude that this limitation when applied to each of the three eye witnesses so compounded the error as to deny the appellant the safeguards provided by § 4 of the Declaration of Rights of the Florida Constitution, F.S.A.
It was held in Noeling v. State, Fla. 1949, 40 So.2d 120, as follows:
"It is probable that any one of the above errors may not in and of itself constitute reversible error, but when considered as a whole we are satisfied that the ends of justice require a new trial."
See also Varnum v. State, 1939, 137 Fla. 438, 188 So. 346.
In view of our above opinion that this cause should be reversed and a new trial granted, the other assignments of error are not considered.
Reversed and remanded for new trial.
SHANNON, Acting C.J., and HOBSON, T. FRANK, Sr., Associate Judge, concur.