271 So.2d 464 (1973)
Charles SIMMONS, Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Appellee.
No. Q-333.
District Court of Appeal of Florida, First District.
January 16, 1973.
Charles Simmons, in pro. per.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Appellant was convicted on September 10, 1971, of committing three crimes, viz.: Two counts of breaking and entering with intent to commit grand larceny, and grand larceny. The following points on appeal posed by appellant are meritorious and thus the trial court erred by:
1. Unduly restricting defense counsel's right of cross-examination.
2. Permitting witnesses for the State to testify as to collateral matters which were immaterial to the issues being tried and which constituted a general attack upon the defendant's character, which had not been put in issue by him.
3. Improper argument by the State.
Voluminous testimony was adduced by the State in proof of Simmons' guilt of the offenses charged. A principal witness for the State, one Helen Lee, testified that she participated in some of the events pertaining *465 to the crimes charged and positively identified Simmons as one of the participants. Defense counsel attempted to impeach the credibility of this witness by cross-examining her as to motive and ill feeling towards Simmons. The trial judge methodically sustained each objection on the part of the State as to defendant's attempt to cross-examine this key witness. In its brief, appellee states: "The refusal to allow appellant to cross-examine Mrs. Helen Lee may possibly have resulted in a lack of credibility impeachment but in the light of the other testimony given by her gave the jury more than ample facts upon which to determine her interest and credibility." It is then the contention of appellee that any error in this respect is harmless. As stated in Kirkland v. State:[1]
"For the purpose of discrediting a witness, a wide range of cross-examination is permitted, as a matter of right, in regard to his motives, interest, or animus, as connected with the cause or with the parties thereto, upon which matters he may be contradicted by other evidence, * * *." Wallace v. State, 41 Fla. 547, 26 So. 713 (1899).
The trial judge erred in unduly restricting the cross-examination of this witness.
The next point concerns testimony of a deputy sheriff as to appellant's possession of unusual tools on January 1, 1971. This appellant was accused of committing the instant crimes on December 19, 1970. Thus, the objected-to testimony on the part of the deputy sheriff pertained to events that transpired after the date set out in the information. This witness testified that he was a deputy sheriff of Pinellas County; that on January 1, 1971, he apprehended a vehicle at the intersection of Arlington Road and State Road 688 which was being driven by a Mr. Milton Alderman (codefendant in the instant cause) and in which defendant Simmons was a passenger. Over objection, this witness testified at great length as to certain tools he found in the apprehended vehicle, such as, a 12-foot wooden ladder, crowbars, rope, cotton gloves and a sledge hammer. The State by its brief argues that appellant urges "this Court once again pervert the holding in Williams v. State, 110 So.2d 654 (Fla. 1959) as interpreted in the cases of Lucas v. State, 257 So.2d 261 (1 DCA 1972) and Reyes v. State, 253 So.2d 907 (1 DCA 1971)." This court has not perverted the holding in Williams v. State, but to the contrary has set forth certain guidelines to restrict a trial to the offense lodged in the information or indictment and urged those entrusted with the duty of prosecuting citizens accused of committing crimes to confine such prosecution to testimony that is relevant to the issue charged. The foregoing is one more example of overzealous prosecutors submitting evidence of collateral acts on the part of a defendant that are not relevant to the issue being tried. The prosecution is not permitted to adduce every description of evidence which according to their own notions may be supposed to elucidate the matter in dispute.[2] Other irrelevant matters adduced by the State during this trial involved considerable testimony adduced on cross-examination by the State of a witness, Gage, as to this defendant laughing about getting one Frank Murphy out of jail, and as to this defendant stating to him that he was going to break into a building on the night of January 1, 1971. The trial judge also permitted the State to ask another witness, one Sharlotte Vinson, over the objection of appellant, if the defendant had stated that he would "get Murphy out before Friday".
The closing argument by the State was highly inflammatory. The prosecuting attorney dwelt at length upon the irrelevant and immaterial testimony as to collateral crimes of defendant and witnesses proffered by him, and concluded by admonishing the jury as follows: "And this is where it stops, right in this Courtroom  *466 tell Charlie Simmons and the rest of that roguey bunch down there  gang would be a better word  to stay out of this county, go out of here, and convict him today on all four charges."
A defendant in this jurisdiction is not entitled to a perfect trial but is entitled to a fair trial. The prosecution in the instant case was not content to try this man upon the charges lodged against him and upon competent evidence proving his guilt of same but to the contrary the prosecution adduced extensive extraneous testimony which precluded this defendant from receiving a fair and impartial trial. The judgment of conviction is reversed with directions to grant defendant a new trial.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] Kirkland v. State, 185 So.2d 5, 7 (2 Fla.App. 1966).
[2] 1 Phillips on Evidence 3 (4th Am. ed. 1859).