297 So.2d 579 (1974)
David Earl MORRELL, Appellant,
v.
STATE of Florida, Appellee.
No. U-449.
District Court of Appeal of Florida, First District.
June 27, 1974.
Rehearing Denied August 6, 1974.
Richard W. Ervin, III, Public Defender; and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
SPECTOR, Acting Chief Judge.
Appellant seeks reversal of his conviction of sale and possession of a narcotic drug, cocaine.
It is urged that the trial court erred when appellant was limited in the scope and extent of cross-examination of the State's undercover agent who was called to give evidence of the sale and the circumstances surrounding the sale leading to appellant's conviction. Defense counsel attempted to cross-examine the State's witness concerning prior arrests he might have had in order to demonstrate to the jury that the witness was motivated by self-interest in becoming an undercover agent. On direct, the prosecutor had adduced evidence from the witness as to his background and experience in narcotics cases so that he could induce the jury to believe that the witness' testimony was both credible and accurate.
When the trial court sustained the prosecution's objection to the inquiry about the witness' prior arrests, a proffer was made by defense counsel showing that the undercover *580 agent had gotten into police work as an undercover narcotics agent in order to prevent criminal charges from being prosecuted against him following his own arrest in a narcotics case in a nearby state some two years earlier. The proffer also revealed that the charges against the undercover agent had in fact been dropped some six months or a year earlier.
Appellant relies on Kirkland v. State, 185 So.2d 5 (Fla.App. 1966); Simmons v. Wainwright, 271 So.2d 464 (Fla.App. 1973), and like cases for the proposition that the right of cross-examination for the purpose of discrediting a witness is not to be taken lightly or unduly restricted. In Kirkland, supra, the court stated at page 7:
"`For the purpose of discrediting a witness, a wide range of cross-examination is permitted, as a matter of right, in regard to his motives, interest, or animus, as connected with the cause or with the parties thereto, upon which matters he may be contradicted by other evidence, ...'" Wallace v. State, 1899, 41 Fla. 547, 26 So. 713.
In the case at bar, appellant sought to adduce evidence for the jury's consideration that the witness for the prosecution was motivated to give evidence favorable to the State in order to obtain favorable treatment for himself with respect to his own brushes with the law. However, the facts revealed by the proffer indicate that no charges were presently or recently pending against the witness. Those charges were dropped some six months to a year earlier and stemmed from an incident some two years earlier which occurred in another state. In those circumstances, we hold that the factors relied upon by appellant as the basis upon which he attempted to show bias and self-interest on the part of the undercover agent witness were too remote in time so as to form the basis for an argument to the jury that the witness testified falsely in order to save his own skin.
While we hold that the facts of this case do not show that the trial court erred in limiting the scope of cross-examination, we reach this conclusion only because of the remoteness in time, and perhaps place, between the witness' prior criminal charges and the nonprosecution thereof and his present service as an undercover agent for the police.
However, it is clear that if a witness for the State were presently or recently under actual or threatened criminal charges or investigation leading to such criminal charges, a person against whom such witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination or otherwise so that the jury will be fully apprised as to the witness' possible motive or self-interest with respect to the testimony he gives. Testimony given in a criminal case by a witness who himself is under actual or threatened criminal investigation or charges may well be biased in favor of the State without the knowledge of such bias by the police or prosecutor because the witness may seek to curry their favor with respect to his own legal difficulties by furnishing biased testimony favorable to the State.
The constitutional right to confront one's accuser is meaningless if a person charged with wrongdoing is not afforded the opportunity to make a record from which he could argue to the jury that the evidence against him comes from witnesses whose credibility is suspect because they themselves may be subjected to criminal charges if they fail to "cooperate" with the authorities. See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, decided by the United States Supreme Court in February 1974.
We have considered appellant's remaining point on appeal questioning the sufficiency of the evidence of proper venue and hold that issue to be disposed of adversely to appellant by the decision in *581 Timmons v. State, 97 Fla. 23, 119 So. 393 (1929).
Accordingly, the judgment appealed is affirmed.
JOHNSON and BOYER, JJ., concur.