318 So.2d 431 (1975)
Willie LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1554.
District Court of Appeal of Florida, Fourth District.
July 31, 1975.
Richard L. Jorandby, Public Defender, and Maureen L. McGill, Special Asst. Public Defender, West Palm Beach, for appellant.
*432 Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
GRIDLEY, William C., Associate Judge.
The defendant was found guilty by jury verdict on August 27, 1974 on a two count information charging him with possession and sale of heroin.
The State's case rested on the testimony of a paid informant employed by the Palm Beach County Sheriff's Office.[*] The informant testified he purchased two dime bags of heroin for $20.00 from the defendant on April 7, 1974 in Palm Beach County. Sometime prior to the trial the informant was arrested in Orange County and charged with a robbery which occurred in Orange County in June of 1974. This charge was still pending on the date the informant testified at the trial.
Before trial the State filed a written motion to limit the cross-examination of the informant to preclude the defense from establishing that the informant was presently charged with the crime of robbery. The Assistant State Attorney represented in his motion that he had been requested by the Assistant State Attorney in Orange County, who was handling the robbery case, not to grant any sort of immunity to the informant. The motion further represented that the State had made no "deals" or "promises" to the informant concerning the case pending against him, that if the informant were asked questions on the robbery charge he may receive unintended immunity for that charge and, therefore, the State would be forced to abandon prosecution or nolle prosequi the narcotics case sub judice, and that there were about 40 to 60 other narcotics cases which hinge on this informant's testimony.
At the trial the Court sustained the State's objection to the informant being asked about the pending robbery charge. The question the defense proposed to ask the informant was "Were you, in fact, arrested and charged in Orange County, Florida, with the crime of robbery," and limit the response to a yes or no answer. The defense raises as error on appeal the aforesaid ruling of the Court.
The defense relies on Morrell v. State, 297 So.2d 579 (Fla.App. 1974) for the proposition that, in cases where the impeaching evidence is material and relevant to the witness's present bias, motive or interest in giving his testimony, the defense has an absolute right to bring that evidence out on cross-examination.
The State argues that "no deals" were made for the informant's cooperation, the crime the informant is charged with is not drug related, and the charged crime is remote as to the time (two months) and place (Orlando, Florida) where the drug transaction took place. Therefore, the impeaching evidence is not relevant or material.
In facing the relevancy and materiality of this evidence the following question is considered. Could a witness who has operated as a paid informant for a sheriff's office on numerous drug buys and who, between one of these buys and its prosecution, is himself charged with a crime of robbery which is pending at the time he is called by the State to testify in the drug case, be materially influenced or biased in the giving of his testimony by the fact of his being so charged.
The answer is clearly yes and the reasons are aptly set out in dicta in the Morrell case, supra. Further, the inquiry meets the standards set in Wallace v. *433 State, 26 So. 713 (Fla. 1899), one of which is that "the transaction inquired about must be one which bears directly upon the present character or credit of the witness" (emphasis added).
The issue thus becomes one of considering the interrelationship of the witness's Fifth Amendment right not to incriminate himself, the defendant's Sixth Amendment right to confront the witness who testifies against him, and the Immunity Statute, F.S. 914.04, wherein a person who testifies concerning matters that would incriminate him while under subpoena may be entitled to immunity.
On this issue it is helpful to distinguish between the facts and circumstances surrounding the actual robbery and the witness's relation thereto, and the facts and circumstances surrounding the effect on a person of being charged with robbery irrespective of his actual guilt or innocence.
On the fact and circumstances of the robbery and the witness's relation thereto, if the witness raised his Fifth Amendment right to remain silent, the defense would be precluded from inquiring as to the robbery itself and the witness's relation to it. If the witness did not raise this Fifth Amendment right to remain silent then it is up to the Court or the State to determine what warnings should be given the witness. However, any certainty or uncertainty of the application of the immunity statute cannot defeat the defendant's constitutional right to confront the witness. Further legislation may be required to clarify the limits of the immunity statute, but the Court must not allow "the tail to wag the dog" in this area.
On the fact and circumstances that the witness has a pending felony charge against him we note that this is a matter of public record and the establishment of this fact could be made by other means apart from the witness's own testimony. Since questions related to this fact do not necessarily tend to incriminate the witness, he cannot invoke his Fifth Amendment right to remain silent and neither should an immunity statute grant him total immunity due to information given by him in this respect.
In the case sub judice, although probably unintended, the answer to the question ultimately posed by the defense would incriminate the witness to the extent that he would be admitting he was the person arrested in Orange County for the robbery which occurred in Orange County. There was no attempt made to determine if the witness wished to invoke his Fifth Amendment rights to this question due to the trial court's ruling that it was inadmissible on other grounds. It was also apparent that the court's ruling would cover the asking of a question merely relating to the fact that there is a pending robbery charge against the witness.
The eminent trial judge was correct in stating that "the fact that the defendant is charged with violating the law by committing robbery, even if he did commit it, would be an act of misconduct and not proper attack on his credibility," insofar as the "act" of misconduct is not what is being put in issue. This rule, however, does not cover the claim of possible bias, which the defense sought to admit to provide a basis for an inference of undue pressure on the witness, due to the pending charge. See Davis v. Alaska, 415 U.S. 308 (1974), 354, 355, 94 S.Ct. 1105, 39 L.Ed.2d 347 and Morrell, supra.
In Alford v. U.S., 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), cited in the Davis case, where the Supreme Court upheld the right of defense counsel to impeach a witness by showing that the witness was in the federal prison at the time of the trial, the Court stated
"No obligation is imposed on the Court, such as that suggested below, to protect a witness from being discredited on cross-examination, short of an attempted *434 invasion of his constitutional protection from self-incrimination, properly invoked. There is a duty to protect him from questions which go beyond the bounds of proper cross examination merely to harass, annoy or humiliate him." 282 U.S. at 694, 51 S.Ct. at 220.
Under the fact situation presented in the case sub judice, the trial court did abuse its discretion in not permitting testimony to be presented concerning the existence of a pending robbery charge against the witness.
For the reasons cited hereinabove, the judgment herein appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.
NOTES
[*] The informant was wired with a listening device and was being monitored by an officer who was out of sight of the transaction. However, it was acknowledged in oral argument that the informant's identification of the defendant was not corroborated by other evidence and thus the harmless error rule was not considered.