365 So.2d 191 (1978)
David H. COWHEARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-648.
District Court of Appeal of Florida, Third District.
December 5, 1978.
Rehearing Denied January 3, 1979.
*192 Sheldon Yavitz, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendant appeals from a judgment and sentence rendered against him after a jury found him guilty of grand larceny by false pretenses. We reverse for a new trial because the trial judge erroneously restricted the cross-examination of the star witness against him.
The record showed that the witness, a man named Price, who was an alleged co-participant in the scam with which Cowheard was charged, had been summoned to appear before an Assistant State Attorney. In his testimony on that occasion, Price gave two diametrically contradictory stories about the scheme, one "on" the record and one "off," but both under oath. In the one on the record, he denied everything; off the record, he stated that both he and Cowheard were very guilty. The State Attorney thereupon informed him that he, Price, would either accept immunity (for both grand larceny and perjury) and testify against Cowheard; or be charged with perjury because of his conflicting statements. Price chose the former course. At that time, and at the time of trial, Price had pled guilty and was awaiting sentencing in the Miami Federal District Court for an unrelated narcotics smuggling charge.
At the trial, Cowheard's attorney sought to impeach Price by reference to the outstanding Federal case. He proffered to the trial court that cross-examination on this point was pertinent because it went to the, or at least a, reason Price was testifying against Cowheard; that is, to avoid the filing of state perjury charges which would obviously and adversely affect the pre-sentence investigation being run on him and thus his Federal sentence itself.[1] Ruling that the narcotics case could be referred to only if (as was not the case) the state had promised Price a favorable recommendation to the Federal authorities in return for his testimony, the trial judge denied the defendant the right to cross-examine on this issue. This was error.
Several recent Florida decisions have held that a state's witness may be cross-examined on the basis of other pending criminal charges. This impeachment is not permitted, as in the case of an actual conviction, in order to affect his general credibility, but rather to demonstrate the witness's bias or motive. In the latest such case, Blanco v. State, 353 So.2d 602, 604 (Fla. 3d DCA 1977), this court stated:

*193 "Turning now to the first issue raised above, we also conclude the trial judge committed reversible error in not permitting defense counsel to make inquiry with regard to pending charges against this same witness. The law is clear that if a prosecution witness is presently or recently under actual or threatened criminal charges or investigation leading to such charges, the person against whom the witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination or otherwise so that the jury will be fully apprised as to the witness' possible motive or self-interest with respect to the testimony he (or she) gives. Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974); Stripling v. State, 349 So.2d 187, 191 (Fla. 3d DCA 1977) and cases cited therein." [emphasis supplied]
Accord: Fulton v. State, 335 So.2d 280, 283-284 (Fla. 1976); Crespo v. State, 344 So.2d 598, 600-601 (Fla. 3d DCA 1977); Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975).
We need not decide in this case whether, as the state argues, this rule may not be ordinarily applicable to charges pending only in another jurisdiction (on the theory that the witness would not be motivated to "curry ... favor," Morrell v. State, 297 So.2d 579, 580 (Fla. 1st DCA 1974), with authorities who had nothing to do with the prosecution against him). This is so because the record here demonstrates that the pending Federal case was directly related to the reason, the "motive," Price was testifying against Cowheard. And we cannot agree with the trial judge that such evidence is properly restricted to a showing of threats or promises made by the state in connection with the Federal case. Any evidence which tends to establish that a witness is appearing for the state for any reason other than merely to tell the truth should not be kept from the jury.
Although we find no error in the remaining two points raised by the defendant, the judgment below is therefore reversed and the cause remanded for a new trial.
Reversed and remanded.
NOTES
[1] There is a suggestion in the record that, at the time, Price told the State Attorney who offered him immunity that he was "between a rock and a hard place" because of the pending Federal pre-sentence investigation.