PER CURIAM.
Greene has perfected his appeal from the judgment and sentence imposed upon him following a jury verdict of guilty of second degree murder, such sentence being for a period of up to fifteen years’ imprisonment.
This case was prosecuted upon an information in which the State charged Greene and his wife, Mary, with second degree murder of his nephew. The child had been severely beaten and his death was caused by blows to his abdomen.
Prior to trial, the State, in exchange for her testimony, granted immunity to Mrs. Greene. When Mrs. Greene was testifying, she was asked by defense counsel concerning the terms and conditions of immunity. She disclaimed any knowledge as to how the immunity subject had been handled. When trial counsel attempted to question her concerning a letter written by her to her attorney concerning immunity, the State’s objection was sustained. In this regard, the court erred. The key evidence before the jury, upon which they found Greene to be guilty, was the testimony of Mrs. Greene; it was her testimony that she saw her husband inflict the blows upon the boy; it was his testimony that she was the one who, without any assistance from him, had inflicted all of the blows upon the boy. In that state of the record, it was reversible error for the trial court to shut off defense counsel’s effort to show whatever the agreement may have been between the State and Mrs. Greene in order to make available her testimony, so the jury may have known the full extent to which such immunity would properly relate to her interest in the outcome of the case and also to her bias and prejudice against the defendant. Frost v. State, 104 So.2d 77 (Fla. 2d DCA 1958); Coxwell v. State, 361 So.2d 148 (Fla.1978); Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1978).
This judgment and sentence is infected with further grievous error in that the State introduced evidence from several witnesses concerning the subject of the de *398 fendant being a drug addict, smoking and selling marijuana, and that he suffered from a legal addiction to a prescribed drug, dilaudid, commonly known as morphine. His drug addiction and his use of marijuana had absolutely no connection with the case and could have served no purpose other than to inflame and prejudice the jury against the defendant in their consideration of whether they would accept the defendant’s version as to who inflicted the mortal wounds upon the child. Williams v. State, 110 So.2d 654 (Fla.1959); Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978); Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978).
The judgment and sentence is reversed, with directions to grant the defendant a new trial.
Reversed and remanded, with directions.