378 So.2d 106 (1980)
Ulysses HOLT, Appellant,
v.
STATE of Florida, Appellee.
No. 78-474/T4-66.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
*107 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
COBB, Judge.
The defendant, Ulysses Holt, was charged with armed robbery. The key witness at trial against Holt was one Gwendolyn Tisdale, who also was charged with the robbery.
Prior to trial Tisdale had been granted immunity for her testimony. She had refused to talk with defense counsel at scheduled depositions and, at one point, had fled from the jurisdiction.
At trial the only direct evidence placing Holt at the scene of the crime came from Tisdale. Although the fact of the grant of immunity to her was elicited by the prosecutor on direct examination, the efforts of defense counsel to inquire as to the details surrounding that grant of immunity were foreclosed by a series of inexplicable objections and rulings thereon by the trial court. Illustrative of the circumscription of cross-examination of this key witness is the following excerpt from the trial transcript:
Q. During this interview, did the police officers indicate to you that they would grant you immunity?
MR. MAY: Objection. That is hearsay, Your Honor.
THE COURT: Objection sustained.
BY MR. VALERINO:
Q. At any point during this conversation, did you get the impression that you were being offered something in return for giving a statement?
MR. MAY: Objection. That calls for a conclusion.
THE COURT: Objection sustained.
BY MR. VALERINO:
Q. Did you eventually make a statement that Ricky Holt and Willie Herman and Chuck Felton were involved in this?
A. Yes, I did.
Q. Why did you make that statement?
MR. MAY: Objection. That is irrelevant.
THE COURT: Objection sustained.
MR. VALERINO: I feel that it is a relevant question as she has been denying any knowledge concerning this particular incident.
THE COURT: The Court sustained the objection. Proceed with your next question.
BY MR. VALERINO:
Q. What did you tell them then?
A. When?
Q. After you say you told them these people were involved?
A. I told them who it was and what happened on the day of the robbery.
Q. After you made the statement to them, were you arrested?
A. No, I wasn't.
Q. What happened to you after you made the statement to them?
A. I was allowed to go home.
Q. Allowed to go home?
A. Yes.
Q. Prior to making the statement concerning Mr. Holt and Mr. Davis and Mr. Felton, did the police officers tell you you were going to go to jail, that they were going to get you put in prison for ten years or a period of time?
MR. MAY: Objection. That is hearsay. It is beyond the scope.

*108 THE COURT: Objection sustained.
MR. VALERINO: Would the Court consider argument on that, Your Honor?
THE COURT: No.
BY MR. VALERINO:
Q. At anytime, did you flee the jurisdiction of the State of Florida?
MR. MAY: Objection. It is irrelevant and beyond the scope of direct.
MR. VALERINO: I feel it is relevant.
THE COURT: Objection sustained.
BY MR. VALERINO:
Q. Were you eventually made a co-defendant in this case?
A. Yes, I was.
Q. And, when were you promised immunity if you testified here today?
A. Tuesday.
Q. Do you recall being in Orange County back in 1976, August of 1976?
A. Yes, sir, I do.
Q. Where had you come from?
MR. MAY: Objection. It is beyond the scope and is irrelevant and immaterial.
THE COURT: Objection sustained.
MR. VALERINO: Would the Court consider argument on that, Your Honor?
THE COURT: No.
BY MR. VALERINO:
Q. Do you recall appearing in Court in 1976, and refusing to testify?
MR. MAY: Objection. It is irrelevant and immaterial and beyond the scope of Direct Examination.
THE COURT: Objection sustained.
BY MR. VALERINO:
Q. When did you decide to come to Florida? When did you decide you wanted to testify in this particular case? Did you notify anybody?
MR. MAY: Objection. It goes beyond the scope.
THE COURT: Objection sustained.
MR. VALERINO: I have no further questions, Your Honor.
The exposure of a witness' motivation in testifying is a proper function of the constitutionally protected right of cross-examination. Davis v. Alaska, 415 U.S. 308, 315-376, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Any evidence which tends to establish that a witness is appearing for the State for any reason other than merely to tell the truth should not be kept from the jury. Cowheard v. State, 365 So.2d 191, 193 (Fla. 3d DCA 1978).
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH, C.J., and SHARP, J., concur.