378 So.2d 1341 (1980)
Paul D. KUFRIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-276.
District Court of Appeal of Florida, Third District.
January 22, 1980.
Bennett H. Brummer, Public Defender, Warren S. Schwartz, Asst. Public Defender, and Robin Greene (Legal Intern), for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
*1342 Before PEARSON and SCHWARTZ, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
Kufrin appeals from a judgment and sentence rendered against him after a jury found him guilty of sale of LSD. We reverse for a new trial because the trial judge erroneously restricted the scope of the cross examination of a prosecution witness.
At trial, undercover narcotics agent Charles Hitchens testified that on March 15, 1977, he had purchased from Kufrin 10 LSD tablets. Kufrin took the stand and denied selling Hitchens the tablets.
On cross examination Hitchens was asked whether, prior to March 15, 1977, he had discovered that Kufrin had "information as to the fact that [Hitchens was] a narcotics agent". Hitchens responded that he did not have any information. Defense counsel then sought to inquire whether he had such information "at a later time on March 27 ..." The trial judge disallowed this line of cross examination basing his ruling on a prosecution motion in limine granted prior to trial. This motion sought to prohibit testimony concerning an arrest and abduction of Kufrin occurring on March 27, 1977 in which abduction Hitchens participated.[1] At the hearing on the motion in limine, defense counsel argued that such arrest and abduction were made in retaliation for Kufrin's act of "blowing" Hitchens' cover as a narcotics officer.
On direct examination Kufrin testified that he had "blown" Hitchens' cover prior to March 15, 1977.[2] Kufrin later proffered testimony establishing that Hitchens knew that his cover was blown when he abducted and arrested Kufrin on March 27, 1977. This proffer was denied again based on the motion in limine.
Kufrin argues that if Hitchens' cross examination had not been restricted he would have been able to show that Hitchens' personal interest and bias against him extended back to March 15th and served as a motive of the officer's actions on that date. We feel that such evidence of interest and bias would have gone to the veracity of Hitchens' testimony and should have gone to the jury.
We hold that the trial judge committed reversible error by improperly restricting the scope of the cross examination of Hitchens. The exposure of a witness' motivation in testifying is a proper function of the constitutionally protected right of cross examination. Holt v. State, 378 So.2d 106 (5th DCA 1980). Bias or prejudice of a witness has an important bearing on his credibility and evidence tending to show such bias is relevant. Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976). Any evidence which tends to establish that a witness is appearing for the state for any reason other than merely to tell the truth should not be kept from the jury. Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1979); Holt v. State, supra.
Although we find no error in the remaining points raised by Kufrin, the judgment below is, for the foregoing reasons, reversed and the cause remanded for a new trial.
NOTES
[1] Charges stemming out of the March 27th arrest were nolle prosequied. The information in the instant case was filed on April 20, 1977.
[2] If this were true, then Hitchens very well might have had a reason and motive for wanting to remove Kufrin from the streets.