SCHWARTZ, Judge
(dissenting).
J.S. was adjudicated delinquent upon a finding that he had burglarized a shed and stolen a motorcycle which belonged to his best friend, Jerry Borgert. The only incriminating witness against him was Frank Bates, who testified that he had seen the respondent with the motorcycle at the scene, a short time after the theft. During the course of Bates’ cross-examination, defense counsel attempted to inquire concerning the relationship between the three boys and, specifically, whether “some jealousy developed between you and Jerry Borgert and [J.S.].” The trial judge sustained the prosecution’s objections to these questions. I believe that this ruling was prejudicially erroneous. The proposed line of inquiry was directly pertinent to Bates’ possible bias and motive for testifying against the respondent, and thus to the all-important issue of his credibility. The appellant’s right of cross-examination was therefore improperly restricted below. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Kufrin v. State, 378 So.2d 1341 (Fla. 3d DCA 1980); Holt v. State, 378 So.2d 106 (Fla. 5th DCA 1980); Greene v. State, 376 So.2d 396 (Fla. 3d DCA 1979); Cowheard v. State, 365 So.2d 191 (Fla. 3d DCA 1978), cert, denied, 374 So.2d 101 (Fla. 1979). On this ground, I would reverse the adjudication and remand the cause for a new hearing.