MILLS, Judge.
Friddle appeals his convictions for aggravated assault with a firearm and possession of a firearm by a convicted felon. He also appeals probation revocations based on those convictions. We affirm.
Friddle was charged with aggravated assault with a firearm and with possession of a firearm by a convicted felon. At trial, Steve Schwark testified that Friddle had twice threatened him with a pistol. Another witness testified that Friddle told him that he had pulled a gun on Schwark.
Schwark’s wife, Ruth Ann, testified for the defense. She stated that she had never seen Friddle pull a gun or threaten her husband and that she was with her husband and Friddle when the crimes were alleged to have occurred.
On recross-examination, over defense counsel’s objections, the trial judge allowed the prosecutor to ask Mrs. Schwark if she had tried to bring wine to Friddle while he was in jail. Mrs. Schwark stated that it had not been proven that she had. In fact, Mrs. Schwark had been charged with introduction of contraband into a jail facility for allegedly taking a bottle of wine to Friddle while he was in jail.
The prosecutor was also allowed, over objection, to refer to Mrs. Schwark’s testimony concerning the wine incident in his closing argument.
Friddle was convicted and sentenced to prison. As a consequence of the convictions, Friddle’s probation was also revoked. The trial court denied motions for a new trial and for mistrial.
Friddle contends that the trial court committed reversible error when it allowed the prosecution to question a defense witness on charges pending against that witness and to refer to the pending charge in closing argument. Although we agree with Friddle that the trial court erred in allowing questioning and comment on a criminal charge pending against a defense witness, the error was harmless.
Generally, impeachment by reference to charges pending against a witness is not allowed. An exception has been recognized where the defense seeks to show bias of a prosecution witness by showing that the State has charged that witness with a crime. Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974). But this exception has not been extended to include impeachment of defense witnesses by reference to pending charges merely to show bias. Fulton v. State, 335 So.2d 280 (Fla.1976).
In this case, however, the witness’ bias had been clearly established before the improper cross-examination. Also, the danger of guilt by association was not great. The jury knew that Friddle was a convicted felon and that he was in jail pending trial.
*942 Apart from the improper cross-examination, the State made a convincing showing of guilt. It is apparent from the record that Friddle was not prejudiced by the cross-examination of Mrs. Schwark or the prosecutor’s closing argument.
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.