501 So.2d 691 (1987)
Edward Lamar PATTERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1733.
District Court of Appeal of Florida, Second District.
January 28, 1987.
*692 James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was convicted and sentenced for kidnapping without a firearm, battery, and trespass in a structure without a firearm. Appellant argues that the court erred in granting the state's motion in limine to limit appellant's cross-examination of a state witness, Larry Cox, as to current criminal charges pending against Cox. We agree.
The general rule of law is that evidence of pending charges against a witness is inadmissible for impeachment purposes unless the charges arise out of the same incident. Fulton v. State, 335 So.2d 280 (Fla. 1976). The rule, however, does not apply in criminal cases when a prosecution witness is under criminal charges. The defendant then has an absolute right to bring those charges out in cross-examination, even when they relate to a different offense. Morrell v. State, 297 So.2d 579 (Fla. 2d DCA 1974); Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975).
Cox was the state's key witness, and the kidnapping and battery charges rested on his credibility. The fact that there were criminal charges pending against Cox tends to show that he had a reason to testify in favor of the state. The court erred in prohibiting appellant's cross-examination of Cox. However, the error was harmless with respect to the trespass charge because Cox's testimony concerning that charge was cumulative.
We reverse the convictions of kidnapping and battery and remand for a new trial. We affirm the judgment and sentence for trespass in a structure without a firearm.
SCHEB and FRANK, JJ., concur.