LETTS, Judge.
The trial court’s order appealed from, signed on May 8th, 1986, is affirmed in all respects with the exception of that portion thereof numbered arabic numeral one which dismissed all of Count I of the second amended complaint.
As to that specific sentence of the order numbered arabic one, we believe that some of the allegations in Count I of the second amended complaint, taken together with the preceding “jurisdiction statement,” do state a statutory cause of action under section 723.022, Florida Statutes (1985). Specifically, we believe that paragraphs 4(A)1, 4(A)3(a)(b)(c) and (d) and 4(A)4 of the second amended complaint are set forth with sufficient particularity to state a statutory cause of action. None of the other paragraphs state a cause of action. Moreover, upon remand, the plaintiff may neither amend nor plead over. Dober v. Worrell, 401 So.2d 1322 (Fla.1981).
We would be less than candid if we failed to sympathize with the much respected trial judge. This pro se plaintiff has been deluging the court with excessive, repetitive, verbose and unnecessary pleadings which are in obvious violation of the Florida Rule of Civil Procedure 1.110 which mandates a “short and plain statement.” See Gordon v. Green, 602 F.2d 743 (5th Cir.1979). The plaintiffs performance henceforth should be closely monitored and, depending on further events as they unfold, consideration may have to be given to an award of attorney’s fees against the plaintiff under section 57.105, Florida Statutes (1986), if his cause subsequently proves to be totally devoid of merit. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982).
REVERSED IN PART AND REMANDED.
GLICKSTEIN and STONE, JJ., concur.