ON MOTION TO WITHDRAW AS COUNSEL
GARRETT, Judge.
The Public Defender, Fifteenth Judicial Circuit of Florida, seeks to withdraw as counsel on appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
We note, contrary to Rule 9.140, Florida Rules of Appellate Procedure, trial counsel was permitted to withdraw without filing a statement of judicial acts.
This court has examined the record to the extent necessary to discover any errors apparent on the face of the record. State v. Causey, 503 So.2d 321, 322 (Fla.1987). Such examination has revealed that during the lunch break between the swearing of the jury and opening arguments, the trial judge and the prosecutor discussed whether the jury should see the victim brought into the courtroom in the company of deputies. Defense counsel was present, but did not participate in an after lunch discussion which ended when the trial judge concluded, “My feeling is whether he is incarcerated is irrelevant. So I’ll allow him to be [brought in so the jury does not see the accompanying deputies]....” Defense counsel did not object nor did he attempt to cross-examine as to the victim’s own pending criminal charges. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Lee v. State, 318 So.2d 431 (Fla. 4th DCA 1975). The case hinged on whether the jury believed the victim's or appellant’s version of the shooting.
Without addressing the merits of any resulting argument, we deny the public defender’s motion to withdraw and direct *869 him to brief the issue of whether fundamental error occurred when defense counsel failed to make proper objection or inquiry concerning the prosecuting witness’ possible bias or self-interest.
MOTION DENIED WITH DIRECTIONS TO THE PUBLIC DEFENDER TO FILE ITS INITIAL BRIEF WITHIN THIRTY DAYS HEREOF.
POLEN, J., concurs.
WARNER, J., dissents with opinion.