PER CURIAM.
Charged with battery and resisting arrest without violence, Alex Hernandez went to trial before a jury in the county court. During cross-examination of the arresting officer, defense counsel asked whether the officer was under internal review investigation for actions in other cases. Before the witness could respond, the judge dismissed the jury and declared a mistrial, finding that the question violated section 112.533(2), Florida Statutes (1987).[1] Neither the state nor defendant had asked for the mistrial. Hernandez requested the court to dismiss the charges on the ground that retrial could constitute double jeopardy, but the trial court denied the motion. Hernandez petitioned the circuit court for a writ of prohibition. Following the circuit court’s denial of the petition, he instituted this appeal. We reverse.
Pending or recent charges of unrelated offenses against a defense witness are not proper grounds for impeachment, Fulton v. State, 335 So.2d 280 (Fla.1976); however, if a witness for the state is “under actual or threatened criminal charges or investigation leading to such criminal charges, a person against whom such person testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination or otherwise.” Morrell v. State, 297 So.2d 579, 580 (Fla. 1st DCA 1974) (emphasis supplied), cited with approval in Fulton v. State, 335 So.2d 280, 284 (Fla.1976); Patterson v. State, 501 So.2d 691 (Fla. 2d DCA 1987). Defense counsel for Hernandez was attempting to elicit that information when the judge declared a mistrial. He sought to disclose that while he was testifying for the state against Hernandez in a criminal case, the arresting officer was under an internal review investigation that could lead to criminal charges. The implication is that the witness could benefit in exchange for aiding the state. The law allows Hernandez an absolute right to bring these facts to the jury’s attention in order to show bias, motive or self-interest.[2] Torres-Arboledo v. State, 524 So.2d 403, 408 (Fla.), cert. denied, — U.S.-, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), citing Fulton v. State, 335 So.2d 280 (Fla.1976). Under these circumstances, the mistrial was inappropriate and a new trial would place Hernandez in renewed jeopardy. Consequently, the trial court should have granted the motion to dismiss, and because it failed to do so, the circuit court should have granted the petition for writ of prohibition.
Reversed and remanded.

. Section 112.533(2), Florida Statutes (1987), makes the disclosure of information concerning an internal investigation by a law enforcement agency a misdemeanor.

. The officer could have asked for immunity before proceeding to answer the question. The rule enunciated in Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974), places a premium on the defendant’s ability to apprise the jury of any factors that could possibly bias a prosecution witness, such as the possibility that a "witness testified falsely to save his own skin.” Morrell, 297 So.2d at 580.